GOULD & DAVENPORT v. W. B. BAIRD.

New Trial — Casualty — Misfortune — Petition — Valid Defense — Answer —
   Demurrer.
      The failure of counsel to put in a defense (no doubt resulting from
      casualty or accident), where it is not alleged that appellants or their
      counsel were unavoidably prevented from making a defense, will not war-
      rant a reversal.

Same.
      Where a petition exhibits the answer which was prepared by the
      attorney to be filed, but fails to set forth the petition on which the de-
      fault judgment was rendered, the court cannot know whether the defense
      thus undisclosed was a bar to the action or not.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

January 10, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

The facts alleged in the petition were clearly insufficient to
authorize the court to vacate or modify the judgment complained
of, unless they bring the case within the provisions of the seventh
subdivision of section 579 of the Civil Code, conferring power on
the court to vacate or modify a judgment " for unavoidable
casualty or misfortune, preventing the party from appearing or
defending," and moreover disclose a valid defense to the action as
required by section 581 of the Civil Code.

Although the failure of the appellants' counsel to put in the
defense, which appears to have been contemplated, may have, and
no doubt did, result from casualty or accident, it is difficult to
deduce, from the facts alleged, how such casualty could have been
unavoidable, as it is not made to appear that either the appellants
or their counsel were unavoidably prevented from knowing at
least during the term what disposition had been made of the case.

But, for another reason, we think the demurrer to the petition
was properly sustained. While the petition exhibits the answer,
which it alleges was prepared by appellants' attorney to be filed,
it fails to exhibit or set forth the petition of the appellee so that

the court could know whether the defense disclosed was sufficient to bar the action or not.

Wherefore, perceiving no error in the judgment, the same is affirmed.

*Harlan & Harlan, for appellants.*